Filed 10/27/14  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEITH SMITH,<br><br>    Defendant and Appellant. | C073828<br><br>(Super. Ct. No. CRF123730) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

An information filed December 11, 2012, charged defendant with multiple drug and related crimes and enhancements, as follows:

Sale of a controlled substance (cocaine base) (Health & Saf. Code, § 11352, subd. (a))--counts 7, 9, and 13; possession for sale of a controlled substance (cocaine base) (Health & Saf. Code, § 11351.5)--counts 8, 10, and 14; possession of a controlled substance (cocaine base) while armed with a loaded firearm (Pen. Code, § 11370.1, subd. (a))--count 15; possession of firearm by person previously convicted of a felony (Pen. Code, § 29800, subd. (a)(1))--count 16; and possession of ammunition by a person prohibited from owning or possessing a firearm (Pen. Code, § 30305, subd. (a))--count 17.  Counts 7 and 8 were alleged to have occurred on or about June 21, 2012, counts 9 and 10 on or about June 25, 2012, and counts 13 through 17 on or about September 19, 2012.[1]  As to counts 7 through 10, 13, and 14, it was alleged that defendant had six prior drug-related convictions (Health & Saf. Code, § 11370.2, subd. (a)).  As to count 14, it was also alleged that defendant was personally armed with a firearm during the commission of the offense (Pen. Code, § 12022, subd. (c)).  As to all counts, it was alleged that defendant had a prior serious felony conviction (Pen. Code, § 667, subds. (c), (e)(1)).

Defendant thereafter pleaded no contest to counts 14 and 16, with a stipulated maximum state prison term of 21 years (five years on count 14, plus four years for the arming enhancement, plus four consecutive three-year enhancements for the prior drug convictions, with sentence on count 16 to run concurrent and all remaining charges to be dismissed).

At the preliminary hearing, which provided the factual basis for defendant's plea, the following evidence was presented:

A West Sacramento undercover police officer bought cocaine on several occasions from "Mighty Mouse" (codefendant).  When the officer tried to buy a larger amount,

---

[1]  A codefendant was charged alone on counts 1 through 6, 11, and 12, and together with defendant on counts 7 through 10, 13, and 14.

"Mighty Mouse" said he would have to get it from a contact. On June 20, 2012, "Mighty Mouse" reached his contact by telephone, and obtained agreement for the purchase of a quarter-ounce of cocaine. Following the contact's instructions, the undercover officer and "Mighty Mouse" drove to a parking lot in Sacramento on June 21, 2012. "Mighty Mouse" got out and went to a parked Taurus, later determined to be registered to defendant. The officer identified the person in the Taurus as defendant. "Mighty Mouse" returned to the officer with 5.2 grams of cocaine base.

On June 25, 2012, another purchase from defendant, in the amount of 3.7 grams of cocaine, was arranged and carried out at the same location.

On September 19, 2012, another cocaine purchase, for a larger amount, was arranged. "Mighty Mouse" obtained $900 from the undercover officer to make the purchase and went to defendant's vehicle. Officers arrested "Mighty Mouse" and defendant. A search of defendant's car revealed approximately 30 grams of cocaine base, $900, and a 9-millimeter Glock handgun.

The trial court sentenced defendant to the agreed 21-year state prison term. The court awarded defendant 376 days of presentence custody credit (188 actual days and 188 conduct days). The court imposed a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a $240 suspended parole revocation restitution fine (Pen. Code, § 1202.45), an $80 court operations assessment (Pen. Code, § 1465.8), and a $60 conviction assessment (Gov. Code, § 70373). At defendant's request, the court waived imposition of fines and fees under Health and Safety Code sections 11372.5 and 11372.7.

*WENDE* **REVIEW**

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days

3

of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


                                                          MURRAY          , J.



We concur:



      RAYE          , P. J.



      BLEASE          , J.




4